Opinion of the Court.
Kirkpatrick C. J.
There was an order for removal, made by two justices, in the usual form, removing Betty Hitchcock and her eight children from the township of *212 Orange to the township of Springfield in the county of Essex. From this order, the township of Springfield appealed, and upon the hearing of the appeal, the order was quashed.
To bring up this order of Sessions, quashing the original order, this certiorari is brought. And together with the other proceedings, the Sessions have sent up a state of the case, containing the evidence offered before them, on the said hearing, (a) From this state of the case, it is seen that one Robert Pearson, who was an inhabitant of the township of Springfield, and usually rated and paying taxes there, was, by the appellants, offered as a witness in their behalf; that the appellees objected to this witness, on account of his interest; but that the court overruled the objection, and admitted the witness to be sworn and to give testimony. And the only question raised upon this case, at the bar, *and indeed the only one which seems to be fairly presented by it, is, whether this Robert Pearson was a competent witness.
It is a general principle, not only of our law, but of common sense also, that one who is to gain or lose by the event of a cause, cannot be admitted as a witness upon the trial of it. And, notwithstanding this principle may, at first view, appear to be simple and hardly to be mistaken, yet, from the great variety of negotiations and relations among men, in a well ordered society, and from the almost infinite diversity of rights, duties, and liabilities arising therefrom, the application of it has been the subject of more doubt, difficulty, and perplexity, than that of almost any other in our code. To reconcile all the cases to he found in the books, upon this subject, would be wholly impracticable. Many of them have, no doubt, crept in from Nisi Prius decisions hastily made, and perhaps not accurately reported. And many, again, have been deduced from those by analogical reasoning, without duly weighing the circumstances upon which they were founded. .
All the interest which an inhabitant of a township can have in a question like this, arises from his liability to táxa *213 tion. Now it is clear that this interest is not immediate and certain, but remote and contingent only. The pauper - may die or find other means of support, or the inhabitant may remove himself from the township, and never become responsible. It is not a liability arising ex delicto, as in the cases of hue and cry and the not repairing of public highways; nor is it a direct personal liability, as in actions of debt on amercements imposed by way of punishment, as well as satisfaction; indeed, it is not even a liability depending immediately upon this judgment; but it arises upon sundry contingencies to take place after the judgment, and which may or may not take place, the judgment notwithstanding. And whatever may be gleaned from the ancient books, to the contrary, it is very certain, that ever since the case of the King v. Bray, the mayor of Tentagin, decided in 1736, and reported in Hardmck’s cases, 350, the course of decision has taken another direction ; and remote, uncertain, and contingent interests have been made to go to the credit only, and not to the competency of witnesses. And so also was the ancient law, when well understood. See Go. Bit. 6 b. Hale’s P . . 280.
It is well remembered that this question, touching the competency of witnesses liable to pay tax, has frequently, heretofore, been raised in our courts of justice, and as frequently answered in favour of the competency. It was raised in the case of Fennimore, collector of the county of Burlington; in the case of HanJcinson, collector of the county of Monmouth; in the case of Corshon, collector of the county of Hunterdon; and in the case of M’Donald, collector of Bedminster, in the county of Somerset; and in all those, the inhabitants of the places were adjudged to be competent witnesses, and were admitted accordingly.
It is true, that these objections, so repeatedly raised, induced the legislature at last to interfere, not to alter the law, for that was settled, but to obviate the doubts which ingenuity had raised upon it, to the no small perplexity of the inferior judicatories in the execution of their duty, especially in the fiscal concerns of the state. Accordingly we find that the act of March 18,1796, (which is the first act upon this subject) reciting, that whereas *214 doubts have arisen whether the inhabitants of a county or liable to taxation, were admissable as witnesses in actions against the county or township officers, for taxes and public monies by them received; and therefore enacting that such inhabitants should be received as competent witnesses in such actions, such liability to taxation notwithstanding. This act is repealed and supplied (though without the recital) by the act of June 7, 1799, entitled “ An ad concerning witnesses.” But still there is nothing in either the one or the other introductory of a new principle. They are both in conformity with the previous course of decision, nor can any thing be deducted from them to shew that they were otherwise intended.
It may be laid down, therefore, as a principle, that a mere liability to taxation, in cases like the present, does not go to the competency, but to the credit only, of a witness.
Let the order of Sessions be affirmed.

 See Curtis vs. Hall, post 361.